(No. 25144.—

THE CITY OF MATTOON, Appellee, *vs.* EVERETT HENNE, Appellant.

*Opinion filed October 10, 1939.*

JOHN G. PETTEYS, for appellant.

C. H. DOUGLAS, and ORVILLE F. SCHOCK, (CARUS S. ICENOGLE, of counsel,) for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:

Everett Henne, the appellant, was arrested for using a motor vehicle without first obtaining a license in accordance with motor vehicle license ordinance No. 3528 of the city of Mattoon. He was tried before a police magistrate and acquitted. Upon appeal, the circuit court of Coles county found the appellant guilty and assessed a fine of $1 and costs. The case is before us on certificate of the trial judge that the validity of an ordinance is involved. The appellant contends that the ordinance which he was found guilty of violating is invalid.

The city of Mattoon operates under the commission form of government. On February 15, 1938, the city council of Mattoon passed a "Wheel Tax Ordinance" No. 3519, which provided that every owner or operator of a motor vehicle residing within the city, must pay a license fee for the use of such vehicle on any street in the city of Mattoon.

Within thirty days after the ordinance was passed a petition for a referendum was filed with the city clerk, and was subsequently granted. At a general election held in April, 1938, the voters defeated the adoption of the ordinance. On May 14, 1938, a petition to initiate a new motor vehicle tax ordinance was filed with the city clerk, together with the signatures of 1074 qualified voters of the city, being more than ten per cent of the number of votes cast for mayor at the last general municipal election. This ordinance contained substantially the same provisions as ordinance 3519 which had been defeated by the referendum. Within thirty days after this petition was filed the city council passed the new ordinance.

Our statute (Ill. Rev. Stat. 1937, chap. 24, par. 312) provides that any proposed ordinance can be submitted to the council by a petition of electors signed and verified in the manner specified, and thereupon the council shall either pass such ordinance without alteration within thirty days after the filing or shall submit such ordinance to a vote of the electors at either a general or special election.

The appellant contends that the city council had no power to pass the ordinance in question since substantially the same ordinance had been rendered void by petition and vote of the people at a general election. Examination of the two ordinances does indicate that they are substantially the same in form and content. While it may appear unreasonable that twenty-five per cent of the voting population should have the power to nullify the effect of a general election seemingly determinative of the matter in dispute, such power is not without its limitations. The statute (Ill. Rev. Stat. 1937, chap. 24, par. 313) provides that when an ordinance is passed by the city council it shall not go into effect before thirty days from the time of its final passage. If, within that thirty-day period, a petition signed by electors of the city equal in number to ten per cent of the entire vote cast for mayor at the last general election,

protesting against the passage of such ordinance is presented to the city council the operation of the ordinance is suspended. Thereafter, the council must reconsider such ordinance and if it is not repealed the ordinance must be submitted to the voters. Such procedure was not followed in the case before us and the failure to employ the remedies afforded by the statute defeats the claim of the appellant. The statutory provisions have been exactly followed in the initiation into enactment of this ordinance. Arguments as to the unreasonableness of the situation disclosed by this record must be addressed to the legislature rather than the courts.

*Judgment affirmed.*